UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO. 04-10343-NG** |
| | ) | |
| v. | ) | |
| | ) | |
| **HECTOR OQUENDO** | ) | |
| **True name: Julio Francisco Molina** | ) | |
| | ) | |

## MOTION FOR RELEASE AND REQUEST FOR A HEARING REGARDING RELEASE PENDING SENTENCING

Now comes the defendant, HECTOR OQUENDO, and requests that this Court order that he be released pending sentencing pursuant to 18 U.S.C. § 3143(a)(2). As grounds for this request, defendant states as follows:

1. Defendant has been detained since December 9, 2004 (9 months). It is defendant's position that the amount of loss involved in this case is greater than $5,000 but less than $10,000; therefore, defendant contends that his Guideline Sentencing Range (GSR) is 0 to 6 months[1].

2. On August 25, 2005, defendant pled guilty to mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and aiding and abetting in violation of 18 U.S.C. § 2. Defendant is currently scheduled to be sentenced on October 18, 2005.

3. The Government has indicated in the plea agreement entered into with Mr. Oquendo that it will recommend a sentence at the low end of the GSR. Therefore, even using the Government's calculation of the advisory GSR, Mr. Oquendo has completed approximately his entire expected sentence during his time of pre-trial

---

[1] The indictment alleges in a "Notice of Additional Factors" that U.S.S.G. § 2B1.1(b)(10) applies. It is defendant's position that the increased called for by § 2B1.1(b)(10) should not apply to him, however, and therefore his base offense level is 7. After adding two points for pursuant to § 2B1.1(b)(1) for an amount of loss less than $10,000.00, and subtracting 2 points for acceptance of responsibility, Mr. Oquendo's total offense level is therefore 7. With an expected Criminal History Category of I, the advisory GSR is 0-6 months.

>   detention.

4.  Finally, Mr. Oquendo is not likely to flee or pose a danger to any other person in the community should he be released pending sentencing. Rather, Mr. Oquendo has two small children who he was living with prior to his arrest in this case, and who he has not seen in nine months. Additionally, Mr. Oquendo is not charged with any crime that suggests that he poses a danger to anyone.

Defendant therefore requests that the Court hold a hearing regarding his continued detention pending sentencing in this case, and further order defendant's release on such reporting conditions to the applicable Pretrial Services Officer as this Court deems appropriate pursuant to 18 U.S.C. § 3142(c)(1)(A).

>   Respectfully submitted,
>   **HECTOR OQUENDO**
>   By his attorneys,
>
>   /s Christie M. Charles
>
>   _____
>   George F. Gormley (BBO# 204140)
>   Christie M. Charles (BBO# 646995)
>   ***George F. Gormley, P.C.***
>   655 Summer Street
>   Boston, MA 02210
>   (617) 478-2750

**Dated**:   September 12, 2005